UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY DAVIS,

               **Plaintiff,**

v.                                              **8:05-CV-1627-T-27EAJ**

UNITED STATES OF AMERICA,

               **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant's **Motion to Dismiss or, in the Alternative, for Summary Judgment** (Dkts. 12, 14) and Plaintiff's **Response in Opposition**. (Dkt. 15).[1]

**I. BACKGROUND**

Plaintiff is an inmate at the Federal Correctional Institution-Medium in Coleman, Florida. (Dkt. 1 at 1). At the time of the events relevant to this litigation, Plaintiff was a federal detainee at the Hillsborough County Jail in Tampa, Florida. (Dkt. 1 at 2). In 1999, while in custody, Plaintiff agreed to transfer "temporary custody" of certain family photographs and a suitcase to "Special Agent Jim Crouse of the U.S. Customs Service (now U.S. Customs and Border Protection)".[2] (Dkt. 1 at 2). Plaintiff alleges

---

[1] The District Judge referred this matter to the undersigned for a report and recommendation. (Dkt. 16); see Local Rules 6.01(b) and 6.01(c), M.D. Fla.

[2] The affidavit filed in connection with Defendant's motion to dismiss (Dkt. 13-2) clarifies that the agent's name is "James Krause" rather than "Jim Crouse", as Plaintiff alleges.

that he agreed to this transfer "after a pre-arranged and mutually accepted agreement was reached with the U.S. Attorney's Office and stated agent which stipulated that said photographs and suitcase would be returned to him immediately upon completion of a federal investigation, but no later than January 1, 2004." (Dkt. 1 at 2). Plaintiff claims that Defendant "negligently mishandled Plaintiff's property, contrary to the agreement existing between the parties, by allowing said property to become lost, stolen, or otherwise destroyed." Id.

In his Complaint, Plaintiff also states that Defendant knew that Plaintiff's property was negligently mishandled and that Plaintiff complained about his missing property and unsuccessfully demanded its return. (Dkt. 1 at 3).  Plaintiff contends that he has endured "emotional suffering" as a result of being deprived of "photographs of his daughter's childhood or the comfort they provided", and that this permanent loss will affect "sentiment in the future." Id.

Plaintiff filed his Complaint on September 1, 2005, and asserted a cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2674, against Defendant United States of America for failing to return his property. (Dkt. 1 at 1) Defendant filed its Motion to Dismiss or, in the Alternative, for Summary Judgement on April 18, 2006. (Dkts. 12, 14).  On May 2, 2006, Plaintiff filed his Opposition to Defendant's motion. (Dkt.

15).

Defendant alleges that Plaintiff's Complaint is "somewhat ambiguous as to whether he is pursuing a tort or contract claim," but argues that the court should dismiss Plaintiff's claim under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction regardless of whether Plaintiff' complaint is based in tort or contract. (Dkt. 13-1 at 5).   Alternatively, Defendant asserts that it is entitled to summary judgment pursuant to Rule 56, Fed. R. Civ. P., because Plaintiff is unable to establish that he has the right to lawfully possess the property at issue. (Dkt. 13-1 at 7-8). For the reasons stated hereafter, I recommend that the motion to dismiss be granted.

## II. DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S TORT CLAIM

Defendant argues that the court should dismiss Plaintiff's tort claim under Rule 12(b)(1), Fed. R. Civ. P., because Special Agent Krause's allegedly negligent act falls into an exception of the FTCA's waiver of sovereign immunity. (Dkt. 13-1 at 3); see 28 U.S.C. § 2680(c). According to Defendant, Plaintiff's allegations, taken as true, fail to establish the subject matter jurisdiction of this court under the FTCA. (Dkt. 13-1 at 3,5).

Plaintiff responds that Defendant's actions are not protected by section 2680(c)'s exception to the FTCA's waiver of sovereign immunity because Plaintiff entered into an oral agreement with Special Agent Krause, allowing him to possess Plaintiff's property

for use in a federal investigation solely for a specified period of time. (Dkt. 15 at 2).[2] Further, Plaintiff argues that the property was not detained or forfeited for the purposes of section 2680(c), but that Special Agent Krause merely possessed the property pursuant to an agreement between Plaintiff and Special Agent Krause.[2] (Dkt. 15 at 2).   Plaintiff claims that he contacted Special Agent Krause on several occasions to demand the return of his property but has not received his property or any compensation. (Dkt. 1 at 3).

A court should grant a motion to dismiss only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984).   Plaintiff's allegations are accepted as true for this determination. Powell v. United States, 945 F.2d 374, 375 (11th Cir. 1991).

The FTCA waives the government's sovereign immunity and gives the district courts jurisdiction over "claims against the United

---

[2]   Plaintiff attaches the affidavit of his mother, Alline Futch, to his Opposition.   Ms. Futch states that Special Agent Krause promised her that he would return Plaintiff's property. (Dkt. 15 at 10-11).   As detailed below, this allegation is irrelevant to the legal determination of whether Plaintiff's Complaint states a cause of action under the FTCA.

[2]   According to Plaintiff, Special Agent Krause agreed to return the property to Plaintiff "upon completion of the federal investigation, but no later than January 1, 2004." (Dkt. 1 at 2).

States, for. . . loss of property . . .caused by the negligent or wrongful act or omission or any employee of the Government while acting in the scope of his office or employment . . ." 28 U.S.C. § 1346(b); see also 28 U.S.C. § 2674 (general rule extending standards of private tort liability to the United States). Despite the statute's sweeping language, Congress has crafted numerous exceptions to the FTCA, including section 2680(c), which provides that no cause of action exists under the FTCA when a claims arises out of "the detention of any goods, merchandise, or other property by any officer of customs . . . or any other law enforcement officer . . ." 28 U.S.C. §2680(c).

Generally, courts strictly interpret statutory language that provides for government waiver of sovereign immunity. United States v. Sherwood, 312 U.S. 584, 590 (1941). Thus, Congress must clearly express any waiver of sovereign immunity, and courts should narrowly interpret such waivers, unless a contrary intent is clear. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992).

Customs and other law enforcement officers are not liable under the FTCA for damage to detained goods. 28 U.S.C. §2680(c); see Kosak v. United States,465 U.S. 848, 855-862 (1984)(supporting a broad interpretation of the exception). Following the Supreme Court, the Eleventh Circuit has adopted a liberal interpretation of the exception under section 2860(c). See Schlaebitz v. United States Dept. of Justice, 924 F.2d 193, 194-195 (11th Cir. 1991).

This interpretation extends the exception to liability under the FTCA beyond customs officials in their traditional duties and defines the language "any law enforcement officer" as "officers in other agencies performing their proper duties." <u>Id.</u> at 194. (adopting the court's approach in <u>Milburn v. United States</u>, 647 F. Supp. 1521, 1525 (S.D. Fla. 1986)). Even a claim for property that no longer has any evidentiary value is barred, provided the property was detained by an officer performing his or her lawful duties. <u>O'Ferrell v. United States</u>, 253 F.3d 1257, 1271 (11th Cir. 2001)(holding government not liable for property detained by FBI for use in investigation ten years before the cause of action).

In his response to Defendant's motion to dismiss, Plaintiff alleges that section 2680(c) does not apply to his situation because he voluntarily entered into an agreement with Special Agent Krause and allowed Special Agent Krause to "possess" Plaintiff's property for use in a federal investigation. (Dkt. 15 at 2). Plaintiff argues that the term "detention" in section 2680(c) does not apply to his case because Special Agent Krause "took possession . . . of plaintiff's property only after receiving permission to do so from the plaintiff himself." (<u>Id.</u>)  However, in light of the fact that Plaintiff agreed to let Special Agent Krause possess the suitcase and photographs for use of in a federal investigation, this change in terminology does not bar application of section 2680(c).  Although the Plaintiff and Defendant dispute the presence

of marijuana in the suitcase, as well as the subject matter of the photographs, these disputed facts are irrelevant under the standard set forth in <u>Gibson</u>.  Plaintiff's version of the facts are accepted as true for the purposes of deciding whether to grant Defendant's motion to dismiss.  Plaintiff does not deny that at the time alleged in the Complaint, Special Agent Krause was a Special Agent with U.S. Customs.

<u>Schlaebitz</u>, controlling in this case, negated U.S. government liability for a suitcase confiscated and subsequently released to a third party by the U.S. Marshals Service. <u>Schlaebitz</u>, 924 F.2d at 194-195.  Similarly, the United States in this case is not liable for Plaintiff's missing suitcases and photographs that were detained by Special Agent Krause.  Although <u>Schlaebitz</u> extended the reach of section 2680(c)'s exclusion to other officers performing their lawful duties, Krause is actually a Special Agent for U.S. Customs, a personnel classification explicitly included in the statutory language.

Plaintiff does not dispute that Special Agent Krause obtained Plaintiff's property for a federal investigation in the course of his duties as a U.S. Customs Special Agent (Dkt. 1 at 2); therefore, Plaintiff does not have a cause of action under the FTCA. Further, Plaintiff's claim that Special Agent Krause promised to return the suitcase and photographs at the conclusion of the investigation or before January 1, 2004 is without merit. Under

O'Ferrell, the evidentiary value of Plaintiff's property is irrelevant to section 2680(c)'s application to claims for property detained by officers while performing their lawful duties. 253 F.3d at 1271.

Plaintiff further asserts that an exception to section 2680(c)'s prohibition on tort claims against customs officials, more fully described in section 2680(c)(1)-(4), applies to his situation. To apply the exception, Plaintiff must fulfill all four factors described in the statute. See 28 U.S.C. § 2680(c)(1)-(4).[3] While Plaintiff argues that he meets the first requirement mandating that the property be "seized for the purpose of forfeiture under any provision of federal law providing for forfeiture of property other than as a sentence imposed upon conviction of a criminal offense . . . .", the facts indicate that Plaintiff's property was not seized for forfeiture. Instead, Plaintiff admits that he voluntarily allowed Special Agent Krause

---

[3] Section 2680(c) does not apply when all of the following factors are present:

> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
> (2) the interest of the claimant was not forfeited;
> (3) the interest of the claimant was not remitted or mitgated (if property was subject to forfeiture); and
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

28 U.S.C. § 2680(c)(1)-(4).

to detain his property in conjunction with a criminal investigation. Consequently, for the reasons explained above the Court lacks subject matter jurisdiction and the undersigned recommends that Defendant's motion to dismiss be granted.

## III. DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CONTRACT CLAIM

Although it is unclear whether Plaintiff alleges a express contract claim, he mentions an "agreement" with Special Agent Krause in several filings. (Dkt. 1 at 2), (Dkt. 15 at 3, 4, 8). Defendant addressed the potential contract claim in its memorandum supporting its motion to dismiss. (Dkt.13-1 at 5-6).

The United States Court of Federal Claims maintains jurisdiction over any "express or implied contract with the United States . . ." 28 U.S.C. § 1491(a)(1). District courts have concurrent jurisdiction with the Court of Federal Claims for contract actions of $10,000 and less. 28 U.S.C. § 1346(a)(2). Under the Tucker Act, which governs express or implied contracts with the United States, "the Court of Federal Claims has exclusive jurisdiction over non-tort claims against the Government for greater than $10,000." Clinton v. Goldsmith, 526 U.S. 529, 540 n.13. (1999).

Plaintiff's claim is for $25,000 plus prejudgment interest; therefore, according to the jurisdictional limits delineated in section 1491(a)(1) and Goldsmith, this Court does not have jurisdiction over his contract claim. Accordingly, to the extent

9

Plaintiff's Complaint states a breach of contract cause of action, the motion to dismiss under Rule 12(b)(1), Fed. R. Civ. P., is appropriate because this Court lacks subject matter jurisdiction.

The Federal Rules of Civil Procedure, Rule 15(a) states that "leave to amend shall be freely granted when justice so requires." However, a court need not allow futile amendments. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Thus, the trial court does not abuse its discretion in denying leave to amend when the court clearly lacks jurisdiction. <u>Gregory v. Mitchell</u>, 634 F.2d 199, 204 (5th Cir. 1981).[2] Further, granting a motion to amend is futile when any new claims would be dismissed based on the government's sovereign immunity. <u>United States v. An Article or Device Consisting of . . . Biotone Model 4 * * * Muscle Stimulator, etc.</u>, 557 F. Supp. 141, 144 (N.D. Ga. 1982)(<u>Biotone</u>).

The undersigned recommends that Plaintiff should not be granted leave to amend.  The court lacks jurisdiction under the FTCA; therefore, leave to amend would be futile in accordance with <u>Mitchell</u>.  Moreover, any new claim that Plaintiff could bring would be dismissed based on the government's sovereign immunity. <u>Biotone</u> provides that the court may exercise its discretion to deny a motion to amend in such situations.  Accordingly, granting

---

[2]  Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit.  <u>See</u> <u>Bonner v. City of Prichard</u>, 661 F. 2d 1206, 1209 (11th Cir. 1981) (<u>en</u> <u>banc</u>)).

10

Plaintiff leave to amend would be futile and unwarranted.

**IV. RECOMMENDATION**

Upon consideration, it is **RECOMMENDED** that:

(1)  Defendant's **Motion to Dismiss** (Dkts. 12, 14) be **GRANTED**.
As amendment would be futile in this case, Plaintiff should
not be granted leave to amend.

**DONE AND ORDERED** in Tampa, Florida on this 20th  day of July,
2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

NOTICE TO PARTIES

Failure to file written objections to the proposed findings
and recommendations contained in this report within ten days from
the date of its service shall bar an aggrieved party from attacking
the factual findings on appeal. 28 U.S.C. § 636(b)(1).