UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY DAVIS,

        Plaintiff,

vs.                                        Case No. 8:05-CV-1627-T-27EAJ

UNITED STATES OF AMERICA,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by Magistrate Judge Elizabeth A. Jenkins (Dkt. 17) recommending that Defendant's motion to dismiss (Dkts. 12, 14) be granted. Plaintiff has filed objections to the Report and Recommendation (Dkt. 18) and Defendant has filed a response to Plaintiff's objections (Dkt. 21).

The District Court is required to "make a *de novo* determination of those portions of the magistrate's report or . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

After careful consideration of the Report and Recommendation, Plaintiff's objections, and Defendant's response, in conjunction with an independent examination of the file, this Court concludes that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

### Plaintiff's Objections

Plaintiff objects to the Report and Recommendation, arguing the magistrate judge "erred in

determining that the 'exception' clause of 28 U.S.C. § 2680(c)(1)-(4) is inapplicable in the instant case." (Dkt. 18, p. 1). Plaintiff's objection is overruled.

The magistrate judge correctly concluded that pursuant to 28 U.S.C. § 2680(c), law enforcement officers, such as Special Agent Krause of the United States Customs Service, are not liable under the Federal Tort Claims Act ("FTCA") for damage to detained property.[1] (Dkt. 17, pp. 4-5 (citing 28 U.S.C. §§ 1346(b) and 2680(c); *see also O'Ferrell v. United States*, 253 F.3d 1257, 1271 (11th Cir. 2001) (interpreting § 2680(c) broadly to immunize "officers in . . . agencies [other than Customs who are] performing their proper duties"); *Schlaebitz v. United States*, 924 F.2d 193, 194-95 (11th Cir. 1991).

The magistrate judge correctly dismissed Plaintiff's reliance on § 2680(c)(1)-(4), which provides an exception to the applicability of § 2680(c).[2] Contrary to Plaintiff's assertion, the facts alleged in the Complaint do not meet the requisite elements of § 2680(c)(1)-(4). Specifically, as alleged, the facts indicate that Plaintiff's property was not seized for the purpose of forfeiture. Rather, Special Agent Krause possessed Plaintiff's property for use in a "federal investigation."

---

[1] Plaintiff initiated this action against the United States alleging Special Agent Krause negligently handled Plaintiff's property after Plaintiff agreed to turn over the property to be used in connection with a federal investigation. Plaintiff alleges the Government waived sovereign immunity pursuant to § 1346(b) of the FTCA. (Dkt. 1, ¶ 2). Section 1346(b) provides that the Government waives sovereign immunity and gives a District Court jurisdiction over "claims against the United States, for . . . loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting in the scope of his office or employment . . ." 28 U.S.C. § 1346(b). However, the magistrate judge correctly concluded that § 2680(c) provides that no cause of action exists against the Government when a claim arises out of "the detention of any goods, merchandise, or other property by any officer of customs . . . or any other law enforcement officer . . ." 28 U.S.C. § 2680(c).

[2] Pursuant to §2680(c)(1)-(4), § 2680(c) will not apply if all of the following factors are present:
(1)  the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
(2)  the interest of the claimant was not forfeited;
(3)  the interest of the claimant was not remitted or mitigated (if property was subject to forfeiture); and
(4)  the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.
28 U.S.C. § 2680(c)(1)-(4).

(Dkt. 1, ¶ 9). Plaintiff concedes that he voluntarily permitted Krause to take possession of the property.

Plaintiff's reliance on the Custody Receipt completed by Special Agent Krause as evidence of a forfeiture is misplaced. The "Custody Receipt for Retained or Seized Property" does not demonstrate that Plaintiff's property was seized for the purpose of forfeiture. At most, the document indicates that the property was retained for evidentiary purposes. (Dkt. 18, Ex. A). This fact further supports application of § 2680(c), as Krause was an officer performing his proper duties in connection with a federal investigation. *See O'Ferrell*, 253 F.3d at 1271. Plaintiff fails to meet the requisite elements of § 2680(c)(1)-(4). Plaintiff's objection in this regard is therefore overruled.[3] Accordingly, it is

**ORDERED AND ADJUDGED** that

1) The Report and Recommendation (Dkt. 17) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) Defendant's Motion to Dismiss (Dkts. 12, 14) is **GRANTED**.

3) All pending motions are **DENIED** as moot.

4) The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 13th day of October, 2006.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record

---

[3] Plaintiff does not expressly object to the magistrate judge's recommendation that to the extent Plaintiff alleges a breach of contract cause of action, such claim should be dismissed. Rather, Plaintiff requests to amend the complaint and alternatively moves to transfer this case to the United States Court of Federal Claims. (Dkt. 18). Plaintiff's requests to amend and transfer the case have been addressed by this Court via separate order.